IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRYL K. FOUNTAIN,                                  )<br>                                                                    )<br>           Plaintiff,                                          )<br>                                                                    )<br>      v.                                                         )<br>                                                                    )            C.A. No. 04-931 GMS<br>THE CHASE MANHATTEN BANK,                     )<br>as Trustee of IMC Home Equity Loan Trust      )<br>1997-3 under the pooling and servicing agreement )<br>dated as of June 1, 1997, assignee of IMC Mortgage )<br>Company, L.P., a Delaware Corporation, as         )<br>successor by merger to Industry Mortgage         )<br>Company, L.P., a Delaware Limited Partnership,  )<br>assignee of Approved Residential Mortgage, Inc., )<br>assignee of Armada Residential Mortgage, LLC,  )<br>                                                                    )<br>           Defendant.                                       )| |

**RESPONSE OF SELECT PORTFOLIO SERVICING, INC.
TO MOTION FOR DEFAULT JUDGMENT**

Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corp. ("SPS"), through its undersigned counsel, hereby submits the Response of Select Portfolio Servicing, Inc. to Motion for Default Judgment and in support thereof, states as follows:

1. On or about August 10, 2004, Darryl K. Fountain (the "Plaintiff") commenced suit against The Chase Manhattan Bank, as Trustee (the "Trustee") of the IMC Home Equity Loan Trust 1997-3 (the "Trust") seeking injunctive relief and asserting causes of action including, but not limited to, breach of contract, breach of the covenant of good faith and fair dealing and consumer fraud. Generally speaking, the Plaintiff's case arises from a mortgage foreclosure action that was concluded in favor of the Trustee in the Superior Court of the State of Delaware on March 30, 2004. Since the conclusion of the foreclosure action, Plaintiff has made every

attempt to avoid moving from his residence. This action is just his most recent effort to delay the effect of the foreclosure.[1]

2. Plaintiff filed the Motion for Default Judgment on the basis that the answer filed on our about December 31, 2004 was untimely. As indicated below, as service upon the Trustee was not proper, the answer was not untimely so the Plaintiff is not entitled to default judgment.

3. The summons for this action was directed to The Chase Manhattan Bank USA located at 802 Delaware Avenue, 14th Floor, Wilmington, DE 19801. However, the return of service indicates that service was made upon Hayward Hamilton at Chase Manhattan Bank, 200 White Clay Center, Newark, DE at the credit card division.

4. The Chase Manhattan Bank USA is not the Trustee. In addition, service upon the Trustee is not proper at 200 White Clay Center, Newark, DE. Accordingly, the answer that was filed by SPS on behalf of the Trustee on or about December 31, 2004 was not untimely and therefore, should not be stricken and a default judgment should not be entered.

5. The Chase entity acting as the Trustee was The Chase Manhattan Bank, a New York banking corporation. When Chase acquired JPMorgan in December, 2000, the Trustee became JPMorgan Chase Bank, a New York banking corporation. Thereafter, JPMorgan Chase Bank, a New York banking corporation, became JPMorgan Chase Bank, National Association. Therefore, the entity currently acting as the Trustee is JPMorgan Chase Bank, N.A. Accordingly, Plaintiff served the wrong entity.

6. In addition, in the Motion for Default Judgment, Plaintiff states that Thomas Barnett, Esq. was provided with a copy of the complaint. First, service upon counsel for a party is not

---

[1] Since counsel substituted their appearance on behalf of SPS on or about March 31, 2005, they have attempted to reach a settlement of this matter and the underlying foreclosure with Plaintiff. Unfortunately, settlement does not appear likely therefore, SPS is filing responses to the Plaintiff's Motion to Strike Answer and Motion for Default Judgment. Counsel for SPS contacted Plaintiff and requested that the parties execute a stipulation subject to Court approval setting forth the response and reply deadlines, but Plaintiff did not return the telephone call.

effective. Second, in this proceeding, Mr. Barnett actually represented SPS as servicing agent for the loans subject to the Trust. Accordingly, service upon Mr. Barnett does not remedy Plaintiff's service defects.

7. The Plaintiff failed to properly serve the Trustee. Therefore, the answer filed by SPS as the servicing agent of the loans subject to the Trust cannot be considered untimely and Plaintiff is not entitled to a default judgment.

WHEREFORE, Select Portfolio Servicing, Inc. respectfully requests that the Court enter an order denying the Motion for Default Judgment and for such other and further relief as the Court deems just.

/s/ Tara L. Lattomus
Karen Lee Turner (Bar No. 4332)
Tara L. Lattomus (Bar No. 3515)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
The Towne Center
4 East 8th Street, Suite 200
Wilmington, DE 19801
(302) 425-0430

Attorneys for Select Portfolio Servicing, Inc.
f/k/a Fairbanks Capital Corp.

Dated: May 31, 2005

## CERTIFICATE OF SERVICE

I, Tara L. Lattomus, Esquire, hereby certify that on May 31, 2005, I caused to be served copies of the attached Response of Select Portfolio Servicing, Inc. to Motion for Default Judgment in the manner indicated upon the following party:

<u>Via First Class Mail</u>
Darryl K. Fountain, Esq.
715 King Street
Wilmington, DE 19801

                                                Tara L. Lattomus (Bar No. 3515)

Dated: May 31, 2005